**UNION OIL COMPANY OF CALIFORNIA, Appellant,**

v.

**Stewart L. UDALL, Secretary of the Interior, Appellee.**

**No. 15918.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 6, 1961.

Decided March 23, 1961.

Mr. Max Barash, Washington, D. C., with whom Mr. A. Andrew Hauk, Los Angeles, Cal., was on the brief, for appellant.

Mr. Harold S. Harrison, Attorney, Department of Justice, with whom Messrs. Roger P. Marquis and Thomas L. McKevitt, Attorneys, Department of Justice, were on the brief, for appellee. Mr. S. Billingsley Hill, Attorney, Department of Justice, also entered an appearance for appellee.

Before BAZELON, BASTIAN and BURGER, Circuit Judges.

BAZELON, Circuit Judge.

In January 1954, the Union Oil Company of California, as assignee of numerous oil shale placer locations made on public lands in Colorado in 1918 and 1919, filed an application with the Secretary of the Interior for issuance of a patent covering those lands.[1] In this complaint for equitable relief, Union alleges that the Secretary had withheld issuance of the patent pending a contest proceeding which he has required Union to initiate to establish the validity of its claims against the contentions of one Colvert, the holder of an oil and gas lease issued in 1951, prior to Union's application, and covering some of the same lands. Union charges that it has fully complied with the mining laws entitling it to have the patent issue, and that the Secretary's action in ordering it first to initiate the contest proceeding is therefore unwarranted and illegal. The District Court, on cross motions, granted summary judgment for the Secretary and dismissed the complaint. Union appeals.

The record discloses that no adverse claim having been made in response to Union's sixty-day notice by publication of its application,[2] the Denver land office accepted Union's check on June 15, 1954, for the full purchase price and issued a receipt. Thereafter in November 1954, Colvert challenged the validity of Union's pre-existing locations and requested that issuance of the patent on Union's application be stayed pending proceedings in which it could establish the invalidity of Union's claims.[3] The request was denied by the manager of the Denver land office. He was reversed by the Director of the Bureau of Land Management who was upheld in the Secretary's action now under attack.

Union contends that it acquired equitable title when it paid the purchase price and received a final receipt. State of Wyoming v. United States, 1921, 255 U.S. 489, 41 S.Ct. 393, 65 L.Ed. 742; El Paso

1. Under the applicable mining laws, R.S. § 2325 (1875), as amended, 30 U.S.C.A. § 29, a person who had made a valid mineral location could at any time thereafter apply for and obtain a fee simple patent if he had complied with the statutory requirements. In the Mineral Leasing Act of 1920, 41 Stat. 437 et seq., as amended, 30 U.S.C.A. § 181 et seq., Congress provided that thereafter no further locations could be made for certain minerals, including oil and oil shale, and that these minerals would be developed through a leasing program. A savings clause protected valid claims made prior to the date of enactment of the Act, 41 Stat. 451, as amended, 30 U.S.C.A. § 193. Consequently, if the claims assigned to Union and upon which it seeks to obtain a patent were valid, no mineral lease to these lands could validly issue under the Mineral Leasing Act. If the claims were invalid, however, the rights of Union are subject to any intervening oil and gas lease.

2. R.S. § 2325 (1875), as amended, 30 U.S.C.A. § 29.

3. Union contends that Colvert's failure to file an adverse claim within the sixty-day publication period barred him from subsequently asserting any interest in the land. The Secretary held that the publication requirement of 30 U.S.C.A. § 29 applied only to adverse mining claimants and not to mineral lessees whose rights and obligations are set forth in the Mineral Leasing Act rather than the mining laws. Because we think judicial review improper at this time, we find it unnecessary now to pass on the merit of Union's contention in this regard.

Brick Co. v. McKnight, 1914, 233 U.S. 250, 34 S.Ct. 498, 58 L.Ed. 943; Benson Mining & Smelting Co. v. Alta Mining & Smelting Co., 1892, 145 U.S. 428, 12 S.Ct. 877, 36 L.Ed. 762. On that premise it concludes that the Secretary is required by law to cancel Colvert's lease and to issue the patent for the lands covered in its application. We cannot agree.

■ Assuming *arguendo* that Union acquired equitable title by payment and receipt, it is well established that until legal title has passed to the applicant for a patent, the Secretary may require further inquiry into the validity of claimed rights to public land. Cameron v. United States, 1920, 252 U.S. 450, 40 S.Ct. 410, 64 L.Ed. 659; Michigan Land & Lumber Co. v. Rust, 1897, 168 U.S. 589, 18 S.Ct. 208, 42 L.Ed. 591; Orchard v. Alexander, 1895, 157 U.S. 372, 15 S.Ct. 635, 39 L.Ed.

737; Ickes v. Underwood, 1944, 78 U.S. App.D.C. 396, 141 F.2d 546.

■■ The courts will generally not interfere with interlocutory action taken by the Secretary in the administration and disposal of public lands. See Ickes v. Underwood, supra. Furthermore, the Secretary has not yet rejected Union's application. If and when he does, it will be time enough for Union to seek judicial review of the Secretary's action including his requirement for institution of the contest proceeding. The mere conduct of such proceedings does not threaten Union with the sort of irreparable injury required for judicial intervention before completion of the administrative process. Petroleum Exploration, Inc. v. Public Service Comm., 1938, 304 U.S. 209, 58 S.Ct. 834, 82 L.Ed. 1294; Myers v. Bethlehem Shipbuilding Corp., 1938, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638.

Affirmed.