**SECURITIES AND EXCHANGE COMMISSION, William L. Cary, et al., Appellants,**

v.

**R. A. HOLMAN & COMPANY, Inc., Appellee.**

**No. 17202.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 11, 1963.

Decided June 13, 1963.

Mr. David Ferber, Assoc. Gen. Counsel, Securities and Exchange Commission, with whom Messrs. Donald R. Jolliffe and Michael Joseph, Attys., Securities and Exchange Commission, were on the brief, for appellants.

Mr. Milton V. Freeman, Washington, D. C., with whom Mr. Edgar H. Brenner, Washington, D. C., was on the brief, for appellee.

Before BAZELON, Chief Judge, and BASTIAN and BURGER, Circuit Judges.

BURGER, Circuit Judge.

The Securities and Exchange Commission appeals from an order of the District Court granting a preliminary injunction [1] against the Commission from further conduct of certain proceedings pending before it relating to the issuance and sale of 175,000 shares of stock of Pearson Corporation as issuer of which appellee R. A. Holman & Co., Inc., was underwriter. The District Court granted the injunction on the claim that one of the members of the Commission was disqualified from acting in an adjudicatory capacity in an administrative proceeding involving appellee because the Commissioner had previously been chief of a division with responsibility for the processing of registration statements, including the registration statement filed by Pearson Corporation which is the subject of the pending hearing.

The order appealed from enjoined further administrative proceedings in which appellee is respondent. In the complaint it was claimed by appellee that two Commissioners were disqualified from conducting adjudicatory proceedings because of prior staff service.[2] On the record

---

1. The proceedings now subject to restraint under the District Court's preliminary injunction are the same proceedings this court dealt with in R. A. Holman & Co., Inc. v. Securities and Exchange Commission, 112 U.S.App.D.C. 43, 299 F.2d 127 (1962), cert. denied, 370 U.S. 911, 82 S. Ct. 1257, 8 L.Ed.2d 404. There the Commission found cause to believe that the offering of Pearson Corporation stock

"would operate as a fraud and deceit upon the purchasers" due to untrue statements of material facts and material omissions.

2. Commissioner Cohen, a former staff member, was shown to have taken no part as a Commissioner except to act on a motion for a continuance.

before us only the alleged disqualification of Commissioner Woodside is in issue, Commissioner Cohen having taken no part. The District Court while observing that an injunction would "put a tremendous hardship on the S.E.C. * * *" concluded that appellant's claim of the applicability of Amos Treat & Co. v. Securities and Exchange Commission, 113 U.S.App.D.C. 100, 306 F.2d 260 (1962),[3] was well founded and with obvious reluctance the Court granted an injunction.

■ In the District Court appellee contended first that Commissioner Woodside's position of responsibility while a member of the staff was sufficient to disqualify him even though he did not in fact participate in the investigation or recommendations affecting appellee; second appellee contended that if disqualification did not result automatically from the fact that Woodside had a responsibility as a director of the unit, then the District Court was bound to conduct an evidentiary hearing in which the Commission would be required to demonstrate exactly the nature and extent of Woodside's involvement in the steps which led to the Commission's proposed hearing. In the Amos Treat case the Commission did not deny plaintiff's allegations of the claimed disqualifying factors. In the instant case the affidavits filed on behalf of the Commission affirmatively assert there was no participation by Woodside in processing Holman's application or the recommendations by the Staff to the Commission to conduct a hearing. The Commission argues that this case is therefore factually distinguishable from the Amos Treat case. We agree.

The basis on which this court acted in the Amos Treat case is summarized in that opinion:

"We are unable to accept the view that a member of an investigative or prosecuting staff may initiate an investigation, weigh its results, perhaps then recommend the filing of charges, and thereafter become a member of that commission or agency, participate in adjudicatory proceedings, join in commission or agency rulings and ultimately pass upon the possible amenability of the respondents to the administrative orders of the commission or agency. So to hold, in our view, would be tantamount to that denial of administrative due process against which both the Congress and the courts have inveighed." 306 F.2d 266–267.

■ Accordingly it will be seen that we emphasized that the District Court's jurisdiction in that case rested solely on due process grounds, so clearly established on the record made there. (306 F.2d at 267 and see Wong Yang Sun v. McGrath, 339 U.S. 33, 45, 70 S.Ct. 445, 94 L.Ed. 616 (1950)). We were satisfied that the petitioner had presented "the exceptional case"[4] which entitled it to relief. Despite the broad and sweeping claims which the appellee now makes for the Amos Treat case, we see nothing on this record to require that the proceedings before the Commission be suspended. "For the present purpose it is sufficient to hold, and we do hold, that the petitioner may constitutionally be required to present all the pertinent facts in the prescribed administrative proceedings and may there raise, and ulti-

---

3. The Amos Treat case was heard by a motions division on a motion to stay the order of the District Court which denied a preliminary injunction to stop revocation proceeding. Appeal on the merits was then consolidated with hearing on the motion and the case was disposed of forthwith.

4. Columbia Broadcasting System v. United States, 316 U.S. 407, 425, 62 S.Ct. 1194, 86 L.Ed. 1563 (1942); Farmer v. United Electrical, Radio & Machine Wkrs., 93 U.S.App.D.C. 178, 181, 211 F.2d 36, 39, 40 (1953), cert. denied, 347 U.S. 943, 74 S.Ct. 638, 98 L.Ed. 1091 (1954); cf. Federal Radio Comm'n v. Nelson Bros. Co., 289 U.S. 266, 277, 53 S.Ct. 627, 77 L.Ed. 1166 (1933).

mately may present for judicial review, any legal question which may arise as the facts are developed." [5]

■ We are satisfied that such claims as the appellee has here presented should be adduced in the first instance at the administrative level and any challenge to the resolution of these issues is subject to judicial review when the administrative record reaches us in due course. In Trans World Airlines v. Civil Aeronautics Board, 102 U.S.App.D.C. 391, 254 F.2d 90 (1958), we indicated that at that stage we will scrutinize the issue of disqualification with great care. The administrative proceedings cannot be stopped to allow for excursions in the courts with prolonged evidentiary hearings; the time for that in a proper case is when an aggrieved litigant seeks judicial review of agency action having preserved the point of claimed disqualification in the administrative hearing. The party asserting disqualification must make his record in the administrative hearing. While the scope and nature of that inquiry has never been fully delineated it must be sufficient to allow the challenging party to introduce whatever relevant evidence he possesses bearing on disqualification since he, of course, has the burden of proof. To stay the administrative processes while a court was engaged in an extended inquiry into the claimed disqualification of members of the administrative body could lead to a breakdown in the administrative process which has long been criticized for its slow pace.

■ We pointed out recently in The Wolf Corporation case [6] that Congress, in vesting broad powers in regulatory agencies, was not unaware of possible risks but "except in very unusual and limited circumstances Congress did not contemplate a grant of jurisdiction to the courts to prevent abuse or misuse of power by *prior* restraint * * *." to stay the administrative process. This case does not present claims warranting judicial intervention before the regulatory agency has completed its processes. See McCulloch v. Sociedad Nacional de Marineros de Honduras, 372 U.S. 10, 83 S.Ct. 671, 9 L.Ed.2d 547 (1963).

Congress has made no specific provision for considering challenges of disqualification addressed to members of regulatory or administrative agencies acting as such, as it has, for example, concerning hearing examiners, Section 7(a) of the Administrative Procedure Act,[7] 5 U.S.C. § 1006(a), and also United States District Judges, 28 U.S.C. § 144. See 28 U.S.C. § 455. The Third Circuit has held that the National Labor Relations Board was required to consider evidence on the issue of disqualification of one of its members. Berkshire Employees Ass'n v. National Labor Relations Board, 121 F.2d 235 (3d Cir. 1941). This court, confronted with a claim of prejudgment attributed to the Attorney General, said: "We cannot assume

5. Anniston Mfg. Co. v. Davis, 301 U.S. 337, 353, 57 S.Ct. 816, 823, 81 L.Ed. 1143 (1937).

6. The Wolf Corporation v. Securities and Exchange Commission, D.C.Cir., 317 F. 2d 139.

7. Prior to the enactment of the Administrative Procedure Act, the Federal Communications Commission acting as a body held that it could prevent one of its members from sitting even over his objection. In the matter of Segal and Smith, 5 F.C. C. 3 (1937). The Securities and Exchange Commission however has held that it does not have authority to pass on a challenge to qualifications of one of its members and that each member must resolve the issue for himself. Otis & Co., 31 S.E.C. 380 (1950); The United Corporation, 32 S.E.C. 633 (1951); cf. Gilligan, Will & Co. v. Securities and Exchange Commission, 267 F.2d 461 (2d Cir. 1959) where that court (per Judge Lumbard) cautioned against actions which would impair the Commission's "reputation for objectivity and impartiality." In the Gilligan case appellant argued that the Commission's bias and prejudgment was a denial of due process. See interesting treatment, Gelhorn & Byse, Administrative Law, 4th Ed., 935–950; 2 Davis, Administrative Law Treatise, 162–170.

in advance of a hearing that a responsible executive official of the Government will fail to carry out his manifest duty. Our conclusion on the point is that the plaintiffs must await the event rather than attempt to anticipate it." National Lawyers Guild v. Brownell, 96 U.S.App. D.C. 252, 225 F.2d 552, 555 (1955), cert. denied, 351 U.S. 927, 76 S.Ct. 778, 100 L.Ed. 1457 (1956). The bare contention of lack of due process does not operate to relieve the appellee from the requirement that he exhaust administrative remedies. Franklin v. Jonco Aircraft Corp., 346 U.S. 868, 74 S.Ct. 126, 98 L.Ed. 378 (1953).

Reversed.