**WEMBLEY, INC., Appellant,**

v.

**COMMISSIONER OF PATENTS of the United States of America, Appellee.**

**No. 19201.**

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 13, 1965.

Decided Oct. 7, 1965.

Mr. Francis C. Browne, Washington, D. C., with whom Mr. Richard G. Kline, Washington, D. C., was on the brief, for appellant.

Mr. George C. Roeming, Washington, D. C., Attorney, with whom Mr. Clarence W. Moore, Solicitor, was on the brief, for appellee.

Before FAHY, WASHINGTON and LEVENTHAL, Circuit Judges.

FAHY, Circuit Judge:

In the District Court appellant, Wembley, sued the Commissioner of Patents praying that the Commissioner, in a proceeding in the Patent Office, be compelled to comply with Rule 13(a), Fed. R.Civ.P.,[1] by reason of Rule 2.117(a)[2] of the Trademark Rules of Practice. The proceeding in the Patent Office is one in which the Diplomat Tie Company seeks cancellation of a trademark of

1. Rule 13(a) in part: *Compulsory Counterclaims.* A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, * * *

2. Rule 2.117(a) of *Trademark Rules of Practice of the Patent Office,* in part:

Except as otherwise provided, procedure and practice in inter partes proceedings shall be governed by the Federal Rules of Civil Procedure [for the District Courts of the United States] wherever considered applicable and appropriate. * * *

Wembley. On motion of the Commissioner the District Court dismissed the complaint. We affirm, deeming the ruling of the Patent Office interlocutory and not ripe for challenge in the courts.

The position of Wembley is that in the United States District Court for the District of Maryland Diplomat previously had successfully defended an action by Wembley for trademark infringement and unfair competition. In defending the action, however, Diplomat had not counterclaimed for cancellation of Wembley's trademark and the District Court had not ordered cancellation of Wembley's registrations. When thereafter Diplomat filed proceedings against Wembley in the Patent Office seeking such cancellation Wembley claimed that Diplomat was foreclosed because it had failed to assert a counterclaim for cancellation in the earlier court action. Wembley contended that the counterclaim was compulsory under Rule 13(a), Fed.R.Civ.P., and since Diplomat failed to assert it or take other steps to compel the court to cancel the registrations the Commissioner was required, under Rule 2.117(a) of the Trademark Rules, to apply Rule 13(a), Fed.R.Civ.P., which it says would have resulted in dismissal of the proceedings.

The Trademark Trial and Appeal Board held that Rule 13(a) did not apply to such *inter partes* cancellation proceedings. Claiming that this was a refusal to rule on the merits of its motion, Wembley characterizes it as agency action reviewable in the District Court notwithstanding no final decision of the Commissioner had been reached in the cancellation proceedings.[3]

We are unable to accept Wembley's position. The Administrative Procedure Act, upon which Wembley relies, provides that preliminary, procedural or intermediate agency action or ruling, not directly reviewable, shall be subject to review upon review of the final agency action. 5 U.S.C. § 1009(c). While this does not state that the ruling here is preliminary, procedural or intermediate, it clearly appears to us to be so. For the court to move in by mandamus or like remedy to police such procedural rulings of an agency in the course of its proceeding would be quite contrary to the established norms of judicial review of agency action. We find no statutory or other basis for excepting this case from the established norms. Union Oil Company of California v. Udall, 110 U.S.App.D.C. 124, 289 F.2d 790, relying upon Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; and see Chicago Automobile Trade Association et al. v. Madden et al., 7 Cir., 328 F.2d 766; Master, Wardens, Searchers, etc. v. Sheffield Steel Corp., 215 F.2d 285, 42 CCPA Patents 726.

Affirmed.

---

3. We think the ruling was on the merits of the question whether Rule 2.117(a) required Rule 13(a) to be applied.