**PHILLIPS PETROLEUM COMPANY,**
Plaintiff,

v.

**Edward J. BRENNER, United States Commissioner of Patents, Defendant.**

**Civ. A. No. 1436–66.**

United States District Court
District of Columbia.

Oct. 19, 1966.

■■■■■■■■■

———◆———

Sidney Neuman and Robert L. Austin, Chicago, Ill., E. Eugene Innis, Bartlesville, Okl., and Paul L. Gomory, Washington, D. C., for plaintiff.

Joseph Schimmel and George C. Roeming, Washington, D. C., for defendant.

## OPINION

HOLTZOFF, District Judge.

This is an action against the Commissioner of Patents for a declaratory judgment and an injunction. The plaintiff is a party to an interference proceeding pending in the Patent Office. The declaratory judgment sought is an adjudication that certain interlocutory rulings, which will be hereafter mentioned, made by the Patent Office tribunals during the pendency of the proceeding, are erroneous and an injunction is prayed for against their enforcement. The defendant moves to dismiss the action on the ground that it does not lie and may not be maintained.

Briefly, the plaintiff and two other concerns are parties to an interference proceeding now pending in the Patent Office. The Patent Office Examiner issued a rule to show cause against the inventors, who are the applicants for the patent, which application is owned by the plaintiff, why judgment should not be entered against them in view of the fact that they could not carry their date of invention back of the date of their application, whereas the other two applicants claimed earlier dates. The plaintiff responded that the other applicants should not be permitted to make the claim in interference on the ground that their disclosures were insufficient. The Examiner ruled against the plaintiff and the interference proceeded as between the other two applicants, each of whom was then in a position to take testimony.

The plaintiff requested permission to participate in the taking of the testimony and to cross-examine the witnesses, as well as seeing a transcript of the testimony after it was taken. This application was denied and the denial was affirmed by the Board of Interference Examiners in the Patent Office. This conclusion was reached presumably on the ground that the testimony was being taken to determine which of the other two applicants had priority over the other, it having been decided that each of them could make the claim in interference and that the plaintiff was junior to each of the other two. Under Patent Office procedure the plaintiff could obtain, in effect, a reconsideration of his position on final hearing.

This action was then brought in order to secure an adjudication that the plaintiff has the right to participate in the interference proceeding without limitation, including the right to attend and cross-examine witnesses at the taking of any testimony of the other two parties and to take appropriate rebuttal testimony. An injunction is prayed for to set aside the contrary decisions of the Patent Office tribunals.

It has been noted, as has already been stated, that the Patent Office interference proceeding is still pending. It has not been brought to a conclusion. Testimony is still being taken and then a final hearing will take place before a final decision is made by the Patent Office. The basis of the motion made in behalf of the Commissioner of Patents to dismiss the complaint is that the Court should not interfere or interject itself during the pendency of the administrative proceeding and review interlocutory orders and that the sole remedy of the plaintiff, if the final decision of the interference proceeding goes against it, is to secure a review of the final decision of the Patent Office either by an appeal to the Court of Customs and Patent Appeals or by an action *de novo* in this Court, and that on either such an appeal or such an action the inter-

locutory orders of which the plaintiff complains may be reviewed.

■ This point was very ably and thoroughly argued on both sides. The Court is of the opinion that in accordance with the binding precedents and the general rule governing such matters, this Court should not interfere with the pending proceeding in the Patent Office until it is brought to a conclusion and then only it may review the interlocutory orders in an action sought to review the final order. This has been established in a number of cases in connection with Patent Office proceedings. Anderson v. Watson, 103 U.S.App.D.C. 99, 254 F.2d 956; Wembley v. Commissioner of Patents, 122 U.S.App.D.C. 273, 352 F.2d 941.

■ It is questioned by counsel for the plaintiff whether such a remedy by review of the final decision of the Patent Office would be adequate in such a case as is presented here. The Court concludes that it would be adequate. If the plaintiff loses ultimately in the Patent Office interference proceeding and brings an action *de novo* in this Court to review the final action of the Patent Office, this Court would be in a position to review interlocutory orders as well as the final order, and if it finds any error in any interlocutory order that was prejudicial and led to an erroneous final decision, this Court would be in a position to set aside and vacate the order of the Patent Office awarding priority to one of the plaintiff's opponents.

The cases principally relied on by counsel for the plaintiff do not support his contention to the effect that the courts may intervene during the pendency of an administrative proceeding and set aside and review interlocutory orders prior to the termination of the administrative proceeding. In Gonzalez v. Freeman, 118 U.S.App.D.C. 180, 334 F.2d 570, the Court set aside a final order of the Secretary of Agriculture barring the plaintiffs from participating in certain contracts with the Commodity Credit Corporation. The Court did not interject itself during the pendency of the proceeding before the Secretary. In Deering Milliken, Inc. v. Johnston, 4 Cir., 295 F.2d 856, the Court held that a judicial review of an administrative proceeding could be had only after the proceeding was terminated and if an action was brought to review the final order of the administrative tribunal. The Court did hold that relief in the nature of mandamus could be granted against the administrative agency if it unduly delayed its decision. That ruling is an entirely different result than that contended for here. Kristensen v. McGrath, 86 U.S.App.D.C. 48, 179 F.2d 796, involved an action for a declaratory judgment to review a warrant of deportation. The Court of Appeals for this Circuit expressly pointed out at page 797 that the plaintiff had brought suit in the District Court for a declaratory judgment after exhausting his administrative remedies. In that case the administrative proceedings had been terminated and had come to a conclusion. R. A. Holman & Co. v. Securities and Exchange Commission, 112 U.S.App.D.C. 43, 299 F.2d 127, involved a similar situation. There was an action in which the Court permitted the review of a suspension of the registration of a broker because of the consequences which followed the suspension. The order was final so far as the broker was concerned.

The Court finds, in conclusion, no basis for interfering with the Patent Office proceeding at this stage.

The Court is impressed with the force of the argument of plaintiff's counsel that the plaintiff is placed at a disadvantage in not being permitted to participate in the taking of testimony in behalf of his two opponents, but the Court refrains from expressing or intimating any definite opinion on that subject since this issue is not to be determined on this motion.

The motion to dismiss is granted.