Truman G. HOLLADAY, Securities Commis-
sioner of Texas, Appellant,

v.

INTERCONTINENTAL INDUSTRIES, INC.,
Appellee.

No. 11880.

Court of Civil Appeals of Texas,
Austin.

Feb. 9, 1972.

Rehearing Denied March 1, 1972.

Crawford C. Martin, Atty. Gen., Nola
White, 1st Asst. Atty. Gen., Alfred Walker,
Executive Asst. Atty. Gen., Ralph R. Rash
and John H. Banks, Asst. Attys. Gen.,
Austin, for appellant.

Carlton & Duplissey, Dean Carlton,
Dallas, for appellee.

PHILLIPS, Chief Justice.

This is an appeal from the judgment of
the District Court setting aside the order
of the Securities Commissioner wherein he
extended his order revoking the secondary [1]
trading in securities issued by the Appellee.

1. Secondary trading of securities applies to those securities that are already outstanding as contrasted with securities that have not previously been issued or sold.

Appellee brought its suit under the provisions of Vernon's Tex.Rev.Civ.Stat.Ann. art. 581, Section 27, known also as the Texas Securities Act. Appellee questioned the legality of the Commissioner's order entitled "Order Extending Order Revoking Secondary Trading Exemption of the Texas Securities Act with Respect to Securities Issued by Intercontinental Industries Inc.", and prayed for a trial de novo.

By their pleadings and motions the parties raised the issue whether the appeal to the District Court would be tried de novo or under the substantial evidence rule. The trial court ruled that the case must be tried de novo. The Securities Commissioner declined to amend his pleadings and declined to assume the burden of proof, whereupon, the trial court sustained the Appellee's Motion for Judgment.

We affirm the judgment.

Appellant is before us on three points of error, which we overrule. These complain of the action of the trial court in overruling his plea to the jurisdiction in that the statute does not provide for any appeal to the courts; that the trial court was in error in requiring that the case be tried de novo under Section 27 of the Act; and that if Section 27 requiring a trial de novo is applicable to the case at bar, it is unconstitutional.

In the beginning it should perhaps be observed that our Supreme Court has noted that the Texas Securities Act, "considered as a whole, is something less than a model of lucidity in legislative drafting." Flowers and Carrell v. Dempsey-Tegeler and Co., 472 S.W.2d 112 (Tex.1971).

Appellants contend that Sec. 5, paragraph O of Article 581, Vernon's Civil Statutes sets out the powers of the Commissioner with respect to registered dealers in stocks. This Section in part is as follows:

"The Commissioner may issue a stop order or by order prohibit, revoke or suspend the exemption under this Subsection O with respect to any security if he has reasonable cause to believe that the plan of business of the issuer of such security, the security, or the sale thereof would tend to work a fraud or deceit upon any purchaser or purchasers thereof, such order to be subject to review in the manner provided by Section 24 of this Act."

Appellant further contends that Section 24 of Article 581 deals with the right of any person to request a hearing before the Commissioner; that the Act is wholly silent as to any further procedure whatsoever beyond the hearing before the Commissioner as provided by Section 24. Thus Appellant contends there is no provision for appeal to the courts.

We do not agree with Appellant's position. The final paragraph of Section 5 subd. O states that: "Any interested party aggrieved by any decision of the Commissioner pursuant to such hearing may appeal to the district court of Travis County, Texas, in the manner provided by Section 27 of this Act." Although the quoted language is in a paragraph dealing with a Commission order revoking or suspending the recognition of a securities manual, we hold that this language applies to *any* decision of the Commission wherein a party is aggrieved. Any other construction of this last paragraph of Section 5, subd. O would render the Section absurd in that the Act would provide for a judicial review of the revocation of the recognition of a securities manual, but would fail to provide a court review of an ex parte revocation of a secondary trading exemption. The unreasonableness of the latter position is further evident from the fact that the information in the securities manual can be derived from other alternative sources.

Section 27 of the Act provides that, "Any dealer, salesman, or applicant aggrieved by any decision of the Commissioner may file within thirty (30) days thereafter in the District Court of Travis County, Texas, a petition against the Commissioner, officially as defendant . . ." The next paragraph provides that, "all appeals to the

District Court shall be tried by such court as a trial de novo as that term is used in an appeal from Justice of the Peace Court to a County Court, as if there had been no previous determination or hearing on the matters in controversy, and under no circumstances shall the substantial evidence rule as interpreted by the courts of Texas ever be applied to appeals taken under this Act."

■ We hold that the provision in the Act allowing *any* dealer, salesman or applicant the right of appeal to the District Court is broad enough to include Appellee which was dealing in its own stock, and that the trial court was correct in ordering the trial de novo.

We do not agree with Appellant's contentions that Sec. 27 of the Act delegates to the courts purely administrative functions involving public policy; that the exemptions of certain securities from the Act as set out in Section 5 are not vested property rights in anything; that exemptions from statutes are not vested rights; and that the secondary trading privilege in question is an administrative matter, subject to review under the substantial evidence rule because it is a privilege and not a property right thus presenting a legislative question which cannot be committed to the courts under the separation of powers provision of the Constitution of Texas, Article 11, Section 1, Vernon's Ann.St.

■ Privileges may be denied by the State while rights are protected by due process of law. Gilchrist v. Bierring, 234 Iowa 899, 14 N.W.2d 724 (1944). Should the secondary trading exemption be deemed a privilege, once the privilege has been acquired, it becomes a valuable right which is protected by the due process clauses of the State and Federal Constitutions. Francisco v. Board of Dental Examiners, 149 S.W.2d 619 (Tex.Civ.App.1941, error ref'd).

■ Nor do we agree with Appellant that Davis v. City of Lubbock, 160 Tex. 38, 326 S.W.2d 699 (Tex.1959) requires the case at bar to be tried under the substantial evidence rule. Appellee's secondary trading rights were withdrawn under specific changes among which were that Appellee made false and misleading statements of material fact, and that no accurate financial information concerning Appellee was made available to prospective investors. The important consideration here is not that the administrative action called for by the Act involves public policy or is policy making in effect, but rather that it is an action concerning only the parties who are immediately affected. Scott v. Texas State Board of Medical Examiners, 384 S.W.2d 686 (Tex.1964). It " . . . declares, and enforces liabilities as they stand on present or past facts and under laws supposed already to exist. That is its purpose and end. Legislation, on the other hand, looks to the future and changes existing conditions by making a new rule, to be applied thereafter to all or some part of those subject to its power." Prentis v. Atlantic Coast Line, 211 U.S. 210, 29 S.Ct. 67, 53 L.Ed. 150. Key Western Life Ins. Co. v. State Board of Insurance, 163 Tex. 11, 350 S.W.2d 839 (1961); Texas State Board of Health v. Harrison Clinic Hospital, 410 S.W.2d 181 (Tex.1966).

■ We overrule Appellee's cross point that the trial court improperly held that Section 5, subd. O, Art. 581, V.C.S., is constitutional in that it does not provide for a stay of the order of the Securities Commissioner. The question of due process under Acts similar to the one before us has been consistently upheld under the police power of the State balanced against the constitutional rights of a dealer. Halsey, Stuart & Co. v. Public Service Commission, 212 Wis. 184, 248 N.W. 458 (1933); R. A. Holman & Co., Inc. v. Securities and Exchange Commission, 112 U.S.App.D.C. 43, 299 F.2d 127 (1962); Associated Securities Corp. v. SEC, 283 F.2d 773 (10th Cir., 1960).

The judgment of the trial court is affirmed.

Affirmed.