ASSOCIATION OF NATIONAL ADVER-
TISERS, INC., et al., Plaintiffs,

Kellogg Company, Intervening Plaintiff,

v.

FEDERAL TRADE COMMISSION et
al., Defendants.

Civ. A. No. 78–1421.

United States District Court,
District of Columbia.

Nov. 3, 1978.

Gilbert H. Weil, New York City, for Asso-
ciation of National Advertisers, Inc.

Walter L. Stratton, New York City, for
American Association of Advertising Agen-
cies.

William W. Rogal, Washington, D. C., for American Advertising Federation.

Aaron Locker, New York City, for Toy Manufacturers of America, Inc.

Frederick P. Furth, Thomas R. Fahrner, San Francisco, Cal., Samuel H. Seymour, Washington, D. C., for intervening plaintiff Kellogg Co.

Michael N. Sohn, Gen. Counsel, Gerald P. Norton, Deputy Gen. Counsel, W. Dennis Cross, Asst. Gen. Counsel, David M. Fitzgerald, Atty., FTC, Ann DuRoss, Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM

GESELL, District Judge.

The Federal Trade Commission has instituted a major trade regulation rulemaking proceeding, captioned Children's Advertising, under Section 18 of the Magnuson-Moss Federal Trade Commission Improvement Act, Pub.L. 93–637, 88 Stat. 2193 (1974), 15 U.S.C. § 57a (1976). Plaintiffs and plaintiff-intervenor are various trade associations and companies who are parties to the proceeding and who may be adversely affected by the proposed regulations delineated in 43 Fed.Reg. 17967 (April 27, 1978). After unsuccessfully presenting the issue to the Commission, plaintiffs come to this Court seeking an order disqualifying the Chairman of the Commission from further participation in this rulemaking proceeding. Plaintiffs' motion rests on the grounds that the Chairman has prejudged issues of fact whose resolution will be necessary to a fair determination of the rulemaking and which will come before him in a quasi-judicial capacity, and that by his public and private actions he has also created the appearance of prejudgment and bias. There are no material facts in dispute and the matter is before the Court on cross-motions for summary judgment, after briefs and full argument.

In an adjudicative proceeding an FTC Commissioner must satisfy the standards of conduct laid down in *Cinderella Career and Finishing Schools, Inc. v. FTC*, 138 U.S.App.D.C. 152, 160, 425 F.2d 583, 591 (1970), to wit:

The test for disqualification [is] . . whether 'a disinterested observer may conclude that [the agency] has in some measure adjudged the facts as well as the law of a particular case in advance of hearing it.'

.    .    .    .    .

[An] administrative hearing 'must be attended, not only with every element of fairness but with the very appearance of complete fairness' . . . .

*Accord, Texaco, Inc. v. FTC*, 118 U.S.App. D.C. 366, 336 F.2d 754 (1964), *vacated and remanded on other grounds*, 381 U.S. 739, 85 S.Ct. 1798, 14 L.Ed.2d 714 (1965). Considerable argument has been heard as to the proper characterization of the instant rulemaking proceeding. Clearly, the proceeding is neither wholly legislative nor wholly adjudicative. Rather, it has substantial elements of both and in fact is a hybrid proceeding, unique to the Federal Trade Commission. The Commission's final action in every FTC rulemaking proceeding must satisfy the "substantial evidence" test on judicial review after there has been afforded the parties a circumscribed opportunity at the agency level for cross-examination with respect to relevant disputed issues of material fact. 15 U.S.C. § 57a(c) & (e)(3). Typically, therefore, some aspects of every FTC rulemaking proceeding are adjudicative in nature. *See generally,* H.R.Rep. No. 93–1107, 93d Cong., 2d Sess. (1974), reprinted in 1974 U.S.Code Cong. & Admin.News at 7702, 7715, 7727–29; S.Rep. No. 93–1408 (Conf.Rep.), 93d Cong., 2d Sess. (1974), reprinted in 1974 U.S.Code Cong. & Admin. News at 7755, 7765–67. The *Federal Register* notice announcing the Children's Advertising rulemaking makes clear that the instant proceeding does not fall outside this typical mold: the Commission itself lists a number of "issues of fact" as to which the parties have been requested to comment. *See* 43 Fed.Reg. 17969–70 (April 27, 1978). Consequently, each Commissioner participating must be held to the standard of conduct delineated in *Cinderella*. The parties to this proceeding are as a matter of

fundamental due process entitled to a final rulemaking decision that will be premised on factual determinations which have not been prejudged in advance or tainted by the participation of one whose objectivity is subject to serious question.

Upon examination of the Chairman's public statements[1] and correspondence of record,[2] a very substantial showing has been made that the Chairman has conclusively prejudged factual issues which will be disputed in the rulemaking proceeding and whose resolution will be necessary for a fair determination of the rulemaking as a whole. Going far beyond general observations of policy and tentative statements of attitude, the Chairman has by his use of conclusory statements of fact, his emotional use of derogatory terms and characterizations, and his affirmative efforts to propagate his settled views made his further participation improper. Plaintiffs' showing is far more compelling than that found to be sufficient to justify disqualification in the *Cinderella* and *Texaco* cases. Certainly, plaintiffs present such special facts and circumstances as to make "the risk of unfairness . . . intolerably high." *See Withrow v. Larkin*, 421 U.S. 35, 47, 58, 95 S.Ct. 1456, 35 L.Ed.2d 712 (1975).

■ This conclusion does not, however, settle the matter. The normal manner of reviewing an FTC trade regulation rulemaking proceeding is pursuant to 15 U.S.C. § 57a(e) in a United States Court of Ap-

peals. Plaintiffs' disqualification claim is one aspect of this proceeding which would ultimately be subject to judicial scrutiny in this manner. Plaintiffs, though, are not awaiting the outcome of the agency process, which will be several years hence; they are petitioning this District Court to intervene at this time with respect to the disqualification issue. The general rule in this kind of circumstance—and it is a sound one—is that the District Court stay its hand and let the parties await the termination of the administrative process. *Nader v. Volpe*, 151 U.S. App.D.C. 90, 94–97, 466 F.2d 261, 265–68 (1972).

■ There exist, however, settled exceptions to this rule. As stated in *Fitzgerald v. Hampton*, 152 U.S.App.D.C. 1, 14, 467 F.2d 755, 768 (1972), *quoting Sterling Drug, Inc. v. FTC*, 146 U.S.App.D.C. 237, 249, 450 F.2d 698, 710 (1971):

> [A] party may bypass established avenues for review within the agency only where the issue in question cannot be raised from a later order of the agency . . ., or where the agency has very clearly violated an important constitutional or statutory right.

*Amos Treat & Co. v. SEC*, 113 U.S.App.D.C. 100, 306 F.2d 260 (1962),[3] applied the second exception to a case very analogous to the instant action. There, it was held that an SEC Commissioner could be enjoined by a District Court from further participation in

---

**1.** In this regard, the Court does not consider (against the interest of defendants) any of the statements made by Chairman Pertschuk at the "sunshine" meeting held on February 28, 1978, at which meeting the Commissioners voted to initiate the Children's Advertising rulemaking. By law, the Commission must initiate a trade regulation rulemaking proceeding by publishing "a notice of proposed rulemaking stating with particularity the reason for the proposed rule . . . ." 15 U.S.C. § 57a(b).

**2.** Some of this correspondence was obtained by plaintiffs, through agency responses to plaintiffs' Freedom of Information requests, after the disqualification issue had been presented to, and rejected by, the Commission. The defendants argue that the Court may not consider these items, by reason of the failure of plaintiffs to exhaust their immediately available administrative remedies. The Court rejects this

contention: the information was obtained from the FTC's own files and is merely cumulative of the evidence that was presented to the Commission.

**3.** The *Amos Treat* decision was discussed and followed in *Fitzgerald v. Hampton, supra*, 152 U.S.App.D.C. at 14–15, 467 F.2d at 768–69. *Amos Treat* is therefore sound precedent in this Circuit. As a more recent decision, it also must be accorded more weight by this Court than *National Lawyers Guild v. Brownell*, 96 U.S.App.D.C. 252, 225 F.2d 552 (1955), *cert. denied*, 351 U.S. 927, 76 S.Ct. 778, 100 L.Ed. 1457 (1956). All the same, the latter case is probably distinguishable from the instant action: the showing made there of prejudgment was rebutted and less substantial than the showing which has been made here.

an SEC adjudicative proceeding where he had earlier participated in the investigative phase of the particular case. Intervention was justified because the "infirmity" was "fundamental," *id.,* 113 U.S.App.D.C. at 102, 105, 306 F.2d at 262, 265, and the hearing had great "importance and vast potential consequences . . . ", *id.,* 113 U.S.App.D.C. at 107, 306 F.2d at 267. That case directly controls here. Plaintiffs have made a substantial showing[4] that the Chairman's continued participation in this rulemaking proceeding will and does violate their constitutional entitlement to due process. The rulemaking here has great "importance and vast potential consequences" and the Chairman's prejudgment taints the entire proceeding. Plaintiffs have a right to a disinterested objective rulemaking hearing. There is no reason, given the breadth and nature of the Chairman's preconceptions, to relegate plaintiffs to final appellate review while the Chairman participates in all aspects of the instant rulemaking. As in *Amos Treat & Co. v. SEC, supra,* the Court concludes that the plaintiffs have made a "substantial showing" that continued participation of the Chairman would render the proceedings void and so irrevocably tainted that any final determination which might flow from such proceedings would be invalid. For these reasons, intervention by this Court at this time is fully warranted and a declaratory judgment and injunction is issued.

---

4. In this respect, this case differs from *SEC v. R. A. Holman & Co.,* 116 U.S.App.D.C. 279, 323 F.2d 284, *cert. denied,* 375 U.S. 943, 84 S.Ct. 350, 11 L.Ed.2d 274 (1963), cited by the defendant.