**AMERICAN NATIONAL STANDARDS INSTITUTE et al., Plaintiffs,**

v.

**FEDERAL TRADE COMMISSION et al., Defendants.**

**Civ. A. No. 79–1275.**

United States District Court, District of Columbia.

June 1, 1979.

Daniel J. Piliero, II, Washington, D. C., for plaintiffs.

Patricia J. Kenney, Asst. U. S. Atty., U. S. D. C., Washington, D. C., for defendants.

ORDER

AUBREY E. ROBINSON, Jr., District Judge.

This Court has carefully considered Plaintiffs' Motion for Preliminary Injunction and Permanent Injunction and Declaratory

Judgment, Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, and the Oppositions thereto and the entire record herein. Plaintiffs seek to have this Court intervene in an ongoing rulemaking proceeding, challenging several rulings and procedures of the Federal Trade Commission.

15 U.S.C. § 57a(e) provides for review of an FTC rulemaking proceeding, upon the conclusion of such proceeding, in a United States Court of Appeals. This Court's jurisdiction is extremely limited; a District Court may only intervene prior to the conclusion of an FTC rulemaking proceeding in extraordinary instances. This action does not present such a situation.

The Court in *Fitzgerald v. Hampton,* 152 U.S.App.D.C. 1, 14, 467 F.2d 755, 768 (D.C. Cir. 1972), *quoting Sterling Drug, Inc. v. FTC,* 146 U.S.App.D.C. 237, 249, 450 F.2d 698, 710 (D.C. Cir. 1971) stated:

[A] party may bypass established avenues for review within the agency only where the issue in question cannot be raised from a later order of the agency . . or where the agency has very clearly violated an important constitutional or statutory right.

*See also Chocolate Manufacturers Association of the United States of America, Inc. v. FTC,* C.A. No. 78–1372 (D.D.C. November 17, 1978), *appeal docketed,* No. 79–1030, D.C. Cir. January 8, 1979, (argued March 5, 1979); *Association of National Advertisers, Inc. v. FTC,* 460 F.Supp. 996 (D.D.C.1978), *appeal docketed,* No. 79–1117, D.C. Cir., January 29, 1979, (argued May 1, 1979). Plaintiffs' allegations herein do not present any clear violations of substantial constitutional or statutory rights going to the basic structure of the proceedings. To invoke the exception in this case to the general rule that this Court is without jurisdiction to intervene in an ongoing rulemaking proceeding would so broaden the exception as to render the general rule meaningless.

Therefore, it is by the Court this 1st day of June, 1979,

ORDERED, that Plaintiffs' Motion for Preliminary Injunction and Permanent Injunction and Declaratory Judgment is hereby DENIED; and it is

FURTHER ORDERED, that Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment is hereby GRANTED; and it is

FURTHER ORDERED, that this action is hereby DISMISSED.