**HARRISON CLINIC HOSPITAL, Appellant,**

v.

**TEXAS STATE BOARD OF HEALTH et al.,
Appellees.**

No. 16709.

Court of Civil Appeals of Texas.

Fort Worth.

March 11, 1966.

Rehearing Denied April 1, 1966.

J. Carroll McConnell, McDonald, Sanders, Wynn, Ginsburg, Phillips & Maddox, and Atwood McDonald, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., and John H. Chambers, Fort Worth, for appellees.

LANGDON, Justice.

This is an appeal from an order entered July 15, 1963, by the Texas State Board of Health (Division of Hospital Licensing) cancelling and revoking temporary license No. 91, which had been issued to appellant on January 1, 1960. Dr. F. E. Harrison, administrator and owner of the appellant Clinic, filed a motion in the trial court demanding a trial de novo and by jury. The court in its order overruling the motion decreed that the case should be tried under the substantial evidence rule and that the burden of proof would be upon appellant to establish the invalidity of the order complained of. Judgment was entered on July 26, 1965, sustaining the cancellation of temporary license No. 91.

One basic question is presented by this appeal and that is whether the case should have been tried de novo or under the substantial evidence rule. If it should have been tried de novo then admittedly appellant would be entitled to trial by jury and the burden of proof would be placed upon the appellees.

In 1959 the Legislature enacted Article 4437f, Vernon's Ann.Texas Civ.St., styled "Texas Hospital Licensing Law".

Section 8 of the Act provides: "Upon receipt of an application for license, and the license fee, the Licensing Agency shall issue a license if it finds that the applicant and the hospital comply with the provisions of this Act, and the rules, regulations, or standards promulgated hereunder. Each such license, unless sooner suspended, cancelled, or revoked, shall be renewable annually upon payment of the prescribed fee.

"Sec. 9. The Licensing Agency shall have the authority to deny, cancel, revoke, or suspend a license in any case where it finds there has been a substantial failure to comply with the provisions of this Act or the rules, regulations, or standards promulgated under this Act, * * *.

"Proceedings under this Article shall be initiated by filing charges with the Licensing Agency, in writing and under oath. Said charges may be made by any person or persons. If upon investigation of such charge or charges it is found that such charge or charges appear to have merit, then the chairman of the Licensing Agency shall set a time and place for hearing, and shall cause a copy of the charges, together with a notice of the time and place fixed for hearing, to be served on the respondent or his counsel at least ten (10) days prior thereto. * * * At said hearing the respondent shall have the right to appear, either personally or by counsel, or both, to produce witnesses or evidence in his behalf, to cross-examine witnesses, and to have subpoenas issued by the Licensing Agency. The Licensing Agency shall thereupon determine the charges upon their merits.

"Any hospital whose license has been cancelled, revoked, or suspended by the Licensing Agency may, within twenty (20) days after the making and entering of such order, take an appeal to any of the District Courts in the county that the hospital is so located in, * * *.

"The proceedings on appeal shall be a trial de novo as such term is commonly used and intended in an appeal from the Justice Court to a County Court, and which appeal shall be taken in any District Court of the county where the license has been issued."

In our opinion the holding of the Supreme Court of Texas in Scott v. Texas State Board of Medical Examiners, 384 S.W.2d 686 (1964), is applicable to and controlling of the facts presented on this appeal.

The Scott case involved an appeal to the District Court from an order of the Texas State Board of Medical Examiners revoking and cancelling a license to practice medicine. Following administrative proceedings before the Board comparable to those in the instant case, Dr. Scott appealed the order of cancellation to the District Court.

The trial court ruled that the case should be tried de novo and that the burden of sustaining the administrative order be placed on the Board. Trial was to a jury. The trial court upon motion for judgment non obstante rendered judgment in favor of Dr. Scott, denying the Board the right to cancel his license. The Court of Civil Appeals reversed and remanded the cause for a new trial, holding that the de novo provision of Article 4506 was unconstitutional. The Supreme Court reversed the Court of Civil Appeals, holding that the de novo trial provision was constitutional and affirmed the judgment of the trial court.

We are unable to find any difference, in so far as constitutional questions are concerned, between the situation presented in an appeal under Article 4506, and in an appeal under Article 4437f, where the appeal is from an administrative order cancelling, or revoking a license. This case does not involve an order denying or refusing an application for a license. The present appeal is from an administrative order, based upon charges brought before the administrative agency, cancelling and revoking a license. As the Supreme Court says in the Scott case, there is a difference, legislatively recognized through the years, between an exercise of the power to examine and issue a medical license, and an exercise of the power to revoke a medical license for cause. The Supreme Court declares it to be self-evident that an appeal from an act of the administrative agency revoking a medical license once granted does not involve a question of public policy and the determination of legislative facts in the sense of the decisions of the Su-

preme Court in such cases as Davis v. City of Lubbock, 160 Tex. 38, 326 S.W.2d 699 (1959), and Chemical Bank & Trust Company v. Falkner, 369 S.W.2d 427 (1963). The Court says that this points to what should be controlling criteria of constitutionality. The validity of a full de novo appeal requirement turns on the nature of the act of the administrative agency contemplated by the statute to which the appeal requirement refers.

An important consideration is whether the administrative action called for by the empowering legislative act involves public policy or is policy making in effect, or whether the action concerns only the parties who are immediately affected. The question of whether a particular medical practitioner has performed acts and engaged in conduct requiring revocation of his license involves the professional activities of only one person. In resolving such a matter, the administrative agency is not engaged in promulgating rules of general application or in deciding questions of broad public policy. The fact questions inherent in the decision of the administrative agency in such a case are typical of those which can on appeal be decided by a judge or a jury on evidence introduced in court.

Everything that is said in the Scott case can be applied with equal logic to this case. The decision of the Licensing Agency with respect to cancellation or revocation of License No. 91 did not involve public policy, nor was it policy making in effect, but concerned only the parties immediately affected. The question of whether Dr. Harrison had performed acts and engaged in conduct requiring revocation of his license under the standards prescribed by the Legislature involved the professional activities of only one person, to-wit, Dr. Harrison. In passing upon the matter of cancelling the license issued to Dr. Harrison, the Licensing Agency was not engaged in promulgating rules of general application or in de-

ciding questions of broad public policy. The fact questions inherent in the charges brought before the Licensing Agency, and again presented in the District Court, are typical of those which can on appeal be decided by a judge or a jury on evidence introduced in court.

As is said in the Scott case, in a de novo appeal the court tries the issues anew. The burden of proof in sustaining the order is upon the administrative agency. Whether by the court or a jury, fact questions are resolved by a preponderance of the evidence.

The present proceeding, both before the administrative agency and in the appeal to the District Court, was one to cancel a license. It was not a denial of an application for a license. There is no evidence in the record, including the statement of facts which appellees have filed, of any application by appellant for a license other than the application which was made prior to January 1, 1960, in response to which license No. 91 was issued.

There is no distinction in substance between the situations involved in the Scott case and this case. The statutes in question are comparable. They relate to similar fields of activity. The administrative procedures are much the same. Both provide for an appeal de novo to the District Court. In the Scott case there was an administrative proceeding to cancel a medical license. In this case there was an administrative proceeding to cancel a hospital license. In both cases there was an appeal from the order of cancellation of the administrative agency.

The judgment of the trial court is reversed and this cause is remanded to the trial court with instructions that it be tried de novo.

Reversed and remanded.