**The TEXAS STATE BOARD OF HEALTH et al., Petitioners,**

v.

**HARRISON CLINIC HOSPITAL, Respondent.**

No. A–11423.

Supreme Court of Texas.

Nov. 16, 1966.

Doug Crouch, Dist. Atty., John H. Chambers, Asst. Dist. Atty., Fort Worth, Waggoner Carr, Atty. Gen., Pat Bailey, Asst. Atty. Gen., Austin, for petitioners.

McDonald, Sanders, Wynn, Ginsburg, Phillips & Maddox, J. Carroll McConnell, Fort Worth, for respondent.

POPE, Justice.

The State Board of Health after a hearing, ordered the revocation of the temporary hospital license which it had issued to Harrison Clinic Hospital. Harrison Clinic appealed to the district court and there insisted that Section 9, Article 4437f, Vernon's Ann.Civ.St. expressly authorized a trial de novo on appeal from such an administrative order. The trial court denied Harrison Clinic's contention and ruled that the appeal was governed by the substantial evidence rule, and the burden of proof was on Harrison Clinic. After trial the court reinstated the Board's order which revoked the temporary license. The Court of Civil Appeals reversed the judgment of the trial court and remanded the case for a trial de novo. 400 S.W.2d 840. The Board is before this court with three points: (1) Harrison Clinic was operating under a temporary license only, and its order of revocation was actually a denial of a license, (2) an appeal from such an order of revocation is governed by the substantial evidence rule, and (3) the one appealing had the burden of proof. We affirm the judgment of the Court of Civil Appeals.

The Legislature enacted the Texas Hospital Licensing Law in 1959, Article 4437f, V.A.C.S., and it became effective on August 11, 1959. Section 4 of the act prohibited the maintenance of a hospital without a license after January 1, 1960. The Licensing Law does not define the term "license" and does not mention "temporary" or "permanent" licenses. Section 5 empowered the Board to promulgate and enforce regulations and minimum hospital standards. Section 6 required existing hospitals to comply with such regulations and standards within a period of six months unless the Board extended the time. Section 7 required hospitals to make application for licenses, and Section 8 authorized the issuance of a license upon compliance with the regulations and standards promulgated by the Board. Section 16 imposed criminal penalties for operation of a hospital without a license. By Section 9 the Legislature made provision for a trial de novo on appeal from an order which revoked a hospital license. The relevant portions of the Section are:

"The Licensing Agency shall have the authority to deny, cancel, revoke, or suspend a license in any case where it finds there has been a substantial failure to

comply with the provisions of this Act or the rules, regulations, or standards promulgated under this Act, or for the aiding, abetting, or permitting the commission of any illegal act, or for conduct detrimental to the public health, morals, welfare and safety of the people of the State of Texas.

\*　\*　\*　\*　\*　\*

"Any hospital whose license has been cancelled, revoked, or suspended by the Licensing Agent may, within twenty (20) days after the making and entering of such order, take an appeal to any of the District Courts in the county that the hospital is so located in, but the decision of the Licensing Agency shall not be enjoined or stayed except on application to such District Court after notice to the Licensing Agency.

"The proceedings on appeal shall be a trial de novo as such term is commonly used and intended in an appeal from the Justice Court to a County Court, and which appeal shall be taken in any District Court of the county where the license has been issued."

The Board's argument is that it has never issued a permanent license to Harrison Clinic, and its administrative order was actually a denial of a permanent license. It argues that an administrative agency's initial issuance of a license is a public policy decision which is legislative in nature and is governed by such decisions as Chemical Bank & Trust Co. v. Falkner, 369 S.W.2d 427 (Tex. 1963); Davis v. City of Lubbock, 160 Tex. 38, 326 S.W.2d 699 (1959); Southern Canal Co. v. State Board of Water Engineers, 159 Tex. 227, 318 S.W.2d 619 (1958); and Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198 (1949). Those cases hold that administrative decisions on public policy matters are ruled by the substantial evidence rule on appeal.

The Board explained the reasons for its issuance of the "temporary" license. Section 4 of the Licensing Law required all hospitals to be licensed by January 1, 1960, and Section 6 required existing hospitals to comply with the Board's regulations and standards within six months after the Board promulgated them unless that time was extended. When the law became operative, there were more than six hundred existing hospitals in Texas, and the Board was unable to make inspections of so large a number by January 1, 1960. It was also unable to promulgate rules and standards until November of 1961. The Board decided to issue all existing hospitals a temporary license when they filed their applications for licenses. The Director of the Board's licensing division said the issuance of the temporary licenses avoided widespread violations of Section 4 and also the penal provisions of Section 16. The Board concludes that its order was a denial of Harrison Clinic's application for a permanent license, and such an order is one of public policy.

Harrison Clinic, on the other hand, urges that it was lawfully operating under a license that the Board issued to it, the Board brought a number of charges against it for the violation of specified hospital regulations and standards, all proceedings leading up to the order were for the purpose of revoking an existing license and not for the hearing on its application, the order was one of revocation, and the Licensing Law expressly authorized a de novo appeal from such administrative proceedings. Neither the constitutionality of the statutory appeal provisions nor the validity of the Board's regulations and standards is questioned by either party to this action. The Court of Civil Appeals sustained Harrison Clinic's position and relied primarily upon our recent decision in Scott v. Texas State Board of Medical Examiners, 384 S.W.2d 686 (Tex.1964).

In *Scott,* we were concerned with an appeal from an administrative order which revoked a physician's license after the Medical Board heard a complaint that charged Dr. Scott with improper administration of drugs. The court held that Dr. Scott's ap-

peal was ruled by the de novo provisions of Article 4506.[1] Those provisions are indistinguishable from Section 9, Article 4437f, supra. We deem it unnecessary to repeat at length what was said in *Scott* since the court there rather fully analyzed the cases which have held that the administrative agency was making a legislative determination as well as those that have held certain proceedings were judicial in nature. The court made its determination as to whether the proceedings against Scott were legislative or judicial by an examination of the nature of the very proceedings instituted against him. In holding that the charges against Scott presented a judicial matter, appealable by a de novo trial, the court said:

"* * * The validity of a full *de novo* appeal requirement turns on the nature of the act of the administrative agency contemplated by the statute to which the appeal requirement refers. An important consideration is whether the administrative action called for by the empowering legislative act involves public policy or is policy-making in effect, or whether the action concerns only the parties who are immediately affected. Here, the question of whether a particular medical practitioner has performed acts and engaged in conduct requiring revocation of his license under the standards prescribed by the Legislature involves the professional activities of only one person. In resolving this matter the Board was not engaged in promulgating rules of general application or in deciding questions of broad public policy. The fact questions inherent in the decision of the Board are typical of those which can on appeal be decided by a judge or a jury on evidence introduced in court."

The Board's pleadings reveal the nature of the proceedings it instituted against Harrison Clinic. Brown v. Gulf Television Company, 157 Tex. 607, 306 S.W.2d 706 (1957). The Board asserted that Harrison Clinic had violated a number of its regulations and standards, and such violations were the basis for a revocation of its license. It charged that Harrison Clinic failed to provide hand-washing facilities for the scrub area of the operating room and for the kitchen staff, failed to store oxygen and nitrous oxide separately from other gases, did not provide ducts which would carry explosive gases from the operating and delivery rooms, maintained an open flame sterilizer in the operating room, did not dispose of surgical and contaminated wastes by incineration, and stored ice for human consumption with that used for therapeutic uses. It made other charges concerning fire hazards and inadequacy of steps, stairways, lights, and hardware. All of these charges were pleaded on appeal as a basis for the revocation of the hospital license.

The Board alleged in its pleadings, "* * on account of such violations they were entitled to file said complaints and were then entitled, and now are entitled to a revocation and cancellation of said temporary license Number 91." The Board denominated the order as the "order of revocation of July 15, 1963" and pleaded that the "Board entered its official order and judgment revoking and cancelling said temporary license Number 91." Its prayer for relief was for "cancelling and revoking said temporary license Number 91 * * *."

1. "Any person whose license to practice medicine has been cancelled, revoked or suspended by the Board may, within twenty (20) days after the making and entering of such order, take an appeal to any of the district courts in the county of his residence, but the decision of the Board shall not be enjoined or stayed except on application to such district court after notice to the Board. The proceeding on appeal shall be a trial de novo, as such term is commonly used and intended in an appeal from the justice court to the county court, and which appeal shall be taken in any District Court of the county in which the person whose certificate of registration or license is involved, resides. * * *."

The trial court's judgment was "that the order of the Texas State Board of Health which was duly entered on the 15th day of July, A.D. 1963 be reinstated, which order cancels and revokes Temporary License No. 91 to operate the Harrison Clinic Hospital * * *."

The Board's pleadings, contrary to its present contention, did not assert, as one of its many complaints, that Harrison Clinic was operating in violation of Section 4 of the licensing act which required hospitals to have a license. It did not assert, nor does the record anywhere show, that the administrative proceedings were based upon an unlicensed status of the hospital, or that the Board has denied the pending application for a license. If, as the Board urges, the issuance of a temporary license was an interim step in the licensing process, Harrison Clinic's application is still before the Board without action either approving or refusing it. Whether the Board could have achieved its objective by a denial of the pending application is not the question now before us. What is before us is a record which shows that the Board did not make an order refusing the application; it made an order revoking a license. The Board's contention that its order was in effect a denial of an application was first urged in November of 1964 after this court delivered its opinion in *Scott* in October of the same year.

We conclude, therefore, that the proceedings before the Board were of a judicial nature very similar to those in *Scott*. The proceedings were also similar to those in Key Western Life Insurance Co. v. State Board of Insurance, 163 Tex. 11, 350 S.W. 2d 839 (1961). In *Key Western*, the Insurance Board had approved an insurance policy form, but it later initiated hearings which resulted in its withdrawal of approval because the policy encouraged misrepresentations. The Legislature had authorized a de novo appeal. Insurance Code, Arts. 3.42(g) and 21.44, V.A.T.S. After examining the doctrine of separation of powers, the court held that the issue for decision was one which should be decided on appeal by trial de novo since the complaint about the policy was particular and immediate, not prospective or general in effect, and lent itself to decision by the judicial process.

The Board relies upon Beall Medical Surgical Clinic & Hospital, Inc. v. Texas State Board of Health, 364 S.W.2d 755 (Tex.Civ.App.1963, no writ). That case was decided before *Scott*. As held by the Court of Civil Appeals, the *Scott* case is indistinguishable from and rules this case. Hospital Clinic was entitled to a trial de novo.

The judgment of the Court of Civil Appeals is affirmed.

GRIFFIN, J., dissenting.