SECRETARY OF the INTERIOR, UNITED STATES DEPARTMENT OF the INTERIOR, Plaintiff,

v.

Edward SHINGARA et al., Defendants.

Civ. No. 76–505.

United States District Court,
M. D. Pennsylvania.

Aug. 26, 1976.

As Amended Oct. 7, 1976.

Laurence M. Kelly, Asst. U. S. Atty., Scranton, Pa., for Secretary of the Interior.

Myron M. Moskowitz, Shamokin, Pa., for defendants.

## OPINION

MUIR, District Judge.

The above matter is before the Court on a case stated. Both parties agree that there are no genuine issues of material fact and that a decision on a motion for summary judgment under F.R.Civ.P. 56 is appropriate. Both parties have filed such motions.

Edward and Frederick Shingara, the Defendants, operate an underground coal mine located near Treverton, Northumberland County, Pennsylvania. They are, at this time, the only individuals who work the mine. Edward goes underground, while Frederick does the hoisting.

On September 17, 1975, in an attempted exercise of his authority under Subchapters I–III of the Federal Coal Mine Health and Safety Act of 1969, 30 U.S.C. §§ 801–878, the Secretary of the Interior issued a so-called "Order of Withdrawal" on the Shingaras which requires them to remove and keep all individuals from their mine until an effective respirable dust program for its operation has been established. When the Shingaras continued to operate in contravention of this Order, the Secretary filed this action seeking injunctive relief.

The Shingara coal is sold primarily to Calvin V. Lenig of Shamokin, Pennsylvania who resells it, along with other coal which he has gathered, to Keystone Filler and Manufacturing Co., Inc. of Muncy, Pennsylvania and Mike E. Wallace of Sunbury, Pennsylvania. Keystone Filler combines the Shingara-Lenig coal with others in order to achieve a particular ash content, dries the mixture, and grinds it into a powder which is shipped to customers outside of Pennsylvania.

In the operation of their mine, the Shingara brothers use several pieces of equipment which, although purchased in Pennsylvania, were manufactured outside the Commonwealth. They also operate a truck which is insured by a multistate corporation through a Pennsylvania agent.

The Federal Coal Mine Health and Safety Act covers "each coal mine, the products of which enter commerce, or the operation or products of which affect commerce . .". 30 U.S.C. § 803. "Commerce" means "trade, traffic, commerce, transportation, or communication among the several States, or between a place in a State and any place outside thereof, . . ." 30 U.S.C. § 802(b). In enacting the statute, Congress intended to exercise its authority to regulate interstate commerce to "the maximum extent feasible through legislation". S.Rep. No. 1055, 89th Cong., 2d Sess. 1 (1966), U.S.Code Congressional and Administrative News, 89th Cong., 2d Sess., 2072. Since there is no challenge to the constitutionality of the language chosen by the draftsmen to delineate the scope of the Act, the only issue in this case is whether the activity carried on by the Shingara brothers falls within its coverage because their products either "enter commerce" or "affect commerce".

The Court is of the view that the Shingara coal clearly "enters commerce". Although the Shingaras part with their product a short distance from the mine, the coal indisputably leaves the Commmonwealth of Pennsylvania as an element of "commerce". The fact that it is mixed and ground with other coal prior to crossing state lines does not alter this conclusion.

Even if it were determined that the Shingara coal does not "enter commerce" it must be concluded, under the extremely expansive interpretations given to the regulatory power of Congress, that the activity in question "affects commerce" and is thereby subject to the Act. Cf. *Heart of Atlanta Motel v. U. S.,* 379 U.S. 241, 85 S.Ct. 348, 13 L.Ed.2d 258 (1964); *Katzenbach v. McClung,* 379 U.S. 294, 85 S.Ct. 377, 13 L.Ed.2d 290 (1964). Although the activity in question here may seem on first examination to be local, it is within the reach of Congress because of its economic effect on interstate commerce. See *Beckman v. Mall,* 317 U.S. 597, 63 S.Ct. 199, 87 L.Ed. 488

(1942). The U.S. Supreme Court has held that wheat which is grown wholly for home consumption may be subjected to federal regulation because it supplies the personal needs of the grower which otherwise would be satisfied in the open market, *Wickard v. Filburn,* 317 U.S. 111, 63 S.Ct. 82, 87 L.Ed. 122 (1942). In the light of this Supreme Court case, the Shingara coal mining activity, which has an even more direct impact on the coal market, also "affects commerce" sufficiently to subject the mine from which it emanates to federal control.

The Shingaras dispute that their operation substantially affects interstate commerce and contend that the Act was not intended to encompass coal mines which have no employees. Given the *Wickard* wheat case cited above, the Court is obliged to reject the Shingaras' plausible position that their activity has no "substantial" effect on interstate commerce. Similarly, although it seems entirely rational that it would do so, the Act does not exempt mines which are owner-operated. Section 803 relates to "each coal mine" affecting commerce or placing products therein and is not limited by any other section.

The Shingaras place heavy reliance on *Morton v. Bloom,* 373 F.Supp. 797 (W.D.Pa. 1953), which found that the Act did not regulate a one-man mining operation which provided coal for the heating of residences in its vicinity. Assuming *arguendo* that *Bloom's* analysis is correct, the situation before this Court nevertheless involves activity which is more extended and has a much more direct effect on interstate commerce.

In addition to all of the foregoing, the Shingaras' purchase of several items of equipment and an insurance policy produced by out-of-state sources also brings them within the "affecting commerce" rubrique and exposes them to the Act. See *Katzenbach v. McClung,* 379 U.S. 294, 85 S.Ct. 377, 13 L.Ed.2d 290 (1964); *U. S. v. Dye Construction Co.,* 510 F.2d 78 (10th Cir.1975); *Von Solbrig Hospital, Inc. v. N.L.R.B.,* 465 F.2d 173 (7th Cir.1972).

The Court is of the view that the mining activities carried on by Edward and Frederick Shingara are subject to the provisions of the Federal Coal Mine Health & Safety Act. Consequently, summary judgment will be entered in favor of the Secretary.

An appropriate order will be entered.