Ray **MARSHALL**, Secretary of Labor

v.

William R. **KRAYNAK**, Thomas Kraynak, George Robert Kraynak, and Richard Kraynak, a partnership, Trading and Doing Business as Kraynak Coal Company, No. 3 Mine, Appellants.

No. 78–2576.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Aug. 7, 1979.

Decided Aug. 22, 1979.

---

immediate vicinity of the confinement. This would appear to be classic false imprisonment, and although the false imprisonment statute and the kidnapping statute in the Virgin Islands employ similar language, the distinction between the two crimes recognized in *Roberts* could arguably be adopted. If so, a conviction for false imprisonment as a lesser included offense of kidnapping could have occurred in this case. *See* cases collected at Annot., 68 A.L. R.3d 828 (1976).

William P. Getty, Thomas A. Berret, Meyer, Unkovic & Scott, Pittsburgh, Pa., for appellants.

Carin Ann Clauss, Sol. of Labor, Morell E. Mullins, Associate Sol., Thomas A. Mascolino, Counsel, Frederick W. Moncrief, Trial Atty., Ronald E. Meisburg, Judith N. Macaluso, Attys., U. S. Dept. of Labor, Arlington, Va., Fredrick W. Thieman, Asst. U. S. Atty., Pittsburgh, Pa., for appellee.

Before ALDISERT, VAN DUSEN and WEIS, Circuit Judges.

### OPINION OF THE COURT

PER CURIAM.

■ This appeal from summary judgment in favor of the Secretary of Labor, brought by the owners of a small coal mine, requires us to decide whether the provisions of the Federal Coal Mine Act apply to circumstances in which the only miners working a mine are the four brothers who own and operate it. The district court determined that the miner-operators came within the provisions of the Coal Mine Health and Safety Act of 1969, 30 U.S.C. §§ 801–960 (1976). We affirm for the reasons stated by the Honorable Louis Rosenberg, 457 F.Supp. 907 (W.D.Pa.1978), and by Judge Muir in his opinion in *Secretary of the Interior v. Shingara*, 418 F.Supp. 693, 695 (M.D.Pa.1976). Judge Rosenberg explained that although section 802(d) defines an "operator" as one who operates, controls or supervises a mine, section 802(g) provides that a "miner" means "*any* individual working in a coal or other mine." 30 U.S.C. § 802(d), (g) (Supp. I 1977) (emphasis added). Like the district court we feel that this statutory language is free from ambiguity and comports with the legislative purpose "to require that . . . every min-er in such mine comply with [the] standards." 30 U.S.C. § 801(g)(2) (Supp. I 1977). *See Marshall v. Stoudt's Ferry Preparation Co.*, 602 F.2d 589, (3d Cir. 1979).

■ Appellants also argue that the Coal Mine Act does not reach them because their mine sells coal only intrastate to the Penntech Papers Company. They contend that these sales are insufficient to bring their operation within section 803, which declares that the act covers "[e]ach coal or other mine, the products of which enter commerce, or the operat[or] or products of which affect commerce." In enacting the statute, Congress intended to exercise its authority to regulate interstate commerce to "the maximum extent feasible through legislation." S.Rep.No.1055, 89th Cong., 2d Sess. 1, *reprinted in* [1966] U.S.Code Cong. & Admin.News, p. 2072. We agree with Judge Rosenberg's conclusion that "the selling by the defendants of over 10,-000 tons of coal annually to a paper producer whose products are nationally distributed enters and affects interstate commerce within the meaning of § 803 of the Act." 457 F.Supp. at 911. *See also Shingara*, 418 F.Supp. at 694–95.

The judgment of the district court will be affirmed.